UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES NEWTON                    :
                                  :
v.                                :        C.A. No. 19-00452-MSM
                                  :
PATRICIA A. COYNE-FAGUE           :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Before the Court is the State of Rhode Island's Motion to Dismiss the 28 U.S.C. §
2254 Petition filed by Charles Newton ("Petitioner"). (ECF No. 5). The State seeks
dismissal of the Petition on the ground that it is time-barred under 28 U.S.C. § 2244(d)(1),
the applicable statute of limitations. The State also claims that Petitioner did not fully
exhaust his state court remedies under 28 U.S.C. § 2254(b)(1)(A). Petitioner has not filed
any objection to the State's Motion. Thus, it is unopposed and may be granted on that basis.
However, out of deference to Petitioner's pro se status, the Court has evaluated the substance
of the State's arguments for dismissal and finds that it has shown that this Petition is time-
barred as explained below. This matter has been referred to me for preliminary review,
findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72.
The Court has determined that no hearing is necessary. After reviewing the documents filed
to date, I recommend that the Motion to Dismiss (ECF No. 5) be GRANTED and that the
Petition (ECF No. 1) be DISMISSED.

### Background

In its Motion to Dismiss, the State sets forth facts relating to Petitioner's relevant
contacts with the State Court, which are undisputed and summarized below. On August 15,

2003, the State of Rhode Island charged Petitioner with four offenses: (1) delivery of cocaine; (2) possession of cocaine; (3) possession of cocaine with intent to deliver; and (4) reckless driving. (ECF No. 5 at p. 3). On October 28, 2003, Petitioner pled nolo contendere to the first two counts, possession and delivery of cocaine, and the remaining counts were dismissed pursuant to a plea agreement. Id. The Rhode Island Superior Court subsequently sentenced Petitioner to concurrent sentences of twenty years, nine years to serve with the balance suspended. Id. at p. 4.

In October 2010, Petitioner moved the Superior Court to amend or correct the judgment for Count II to reflect the possession charge that he pled to instead of the delivery charge that the State dismissed. Petitioner's Motion was granted. Id. Then, in November 2013, Petitioner filed another Motion in State court, requesting that Count I of the Court's judgment be corrected to reflect the possession charge that he pled guilty to instead of the delivery charge that the State dismissed. That Motion was initially granted, but upon the State's Motion for Reconsideration, it was vacated. Id. at pp. 4-5.

On January 4, 2016, Petitioner filed an application post-conviction relief ("PCR") in the Rhode Island Superior Court, which was denied on June 7, 2016. Id. at p. 5. Petitioner filed two notices of appeal, but he failed to comply with the mandate of R.I. Gen. Laws § 10-9.1-9 that requires that he seek appellate review by a petition for writ of certiorari. Id. Ultimately, Petitioner filed an untimely writ of certiorari that was denied by the Rhode Island Supreme Court on February 11, 2019. Id. Petitioner filed the present habeas corpus action on August 22, 2019 alleging a single count: that he was denied his Sixth Amendment right to effective assistance of counsel due to his attorney's failure to act as an advocate for him during the plea process in the State proceeding. (ECF No. 1 at pp. 5-7).

**Discussion**

The first issue presented is the application of the statute of limitations. The State has moved, pursuant to 28 U.S.C. § 2244, to dismiss the Petition alleging that the one-year statute of limitations applicable to a claim brought under 28 U.S.C. § 2254 expired prior to Petitioner filing this action. 28 U.S.C. § 2244 provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." It also provides that the limitation period will begin to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," but that it shall be tolled while any "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(7)(A).

The statute of limitations for a federal habeas action begins to run when the judgment in the state court is "final." The statute defines a conviction as "final" upon "the conclusion of direct review or the expiration of the time for seeking such review." <u>Id.</u> In the present case, even though there were multiple periods of time during which the limitations period was tolled, the present Petition was still filed well outside the one-year limitations period.

Petitioner's convictions became final on October 28, 2003 when he entered pleas of nolo contendere. The present action was filed on August 22, 2019. Because almost sixteen years elapsed between the conviction becoming final and the filing of this Petition, the Court considers how much time was tolled during this period. The State concedes that Petitioner's Motion to Reduce Sentence (filed February 17, 2004; denied January 27, 2005) tolled the period for 346 days, that his Motion to Correct (filed October 8, 2010; resolved November 9, 2010) tolled the period for 33 days, that his second Motion to Correct (filed November 6,

2013, resolved November 6, 2015) tolled the limitations period for 731 days and his Post-conviction Relief Application (filed January 4, 2016, denied February 11, 2019) tolled the statute another 1,135 days. Using these undisputed calculations, the current Petition was filed after roughly 3,533 days of untolled time had elapsed and is indisputably time barred.

Further, the State posits that the November 9, 2010 Order of the Superior Court amending the Judgment of Conviction could arguably have restarted the limitations period anew. However, even if November 9, 2010 is used as the date the statute beings to run, the limitations period still expired prior to filing the Second Motion to Correct in 2013. Accordingly, there was no period remaining to be tolled even under this alternate calculation. I conclude that the one-year statute of limitations expired prior to Petitioner filing this action in Federal Court, thus foreclosing his opportunity to seek relief under 28 U.S.C. § 2254. Because Petitioner is plainly time-barred from seeking relief under § 2254, the Court need not address the State's alternative argument that Petitioner did not exhaust his remedies in State Court.

**Conclusion**

For the foregoing reasons, I recommend that the State of Rhode Island's Motion to Dismiss (ECF No. 5) be GRANTED and the Petition for Writ of Habeas Corpus (ECF No. 1) be DISMISSED as untimely.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v.

Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


    /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 16, 2019